UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maura Howard, individually and on behalf of a class of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Life Time Fitness, Inc.; LTF Club Operations Company, Inc.; LTF Club Management Company, LLC; and LTF Yoga Company, LLC,<br><br>    Defendants. | Case No. 21-574<br><br>**NOTICE OF REMOVAL** |

  PLEASE TAKE NOTICE that Defendants Life Time Fitness, Inc.; LTF Club Operations Company, Inc.; LTF Club Management Company, LLC; and LTF Yoga Company, LLC ("Defendants"), by and through their counsel of record, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support of their Notice of Removal, Defendants state as follows:

### I. PLAINTIFF'S COMPLAINT AND PROCEDURAL HISTORY

  1. On June 18, 2020, Alicia Schaeffer commenced a civil action against Defendants in the United States District Court, District of Minnesota, Docket No. 20-CV-01407-PJS-HB. Attached as **Exhibit A** is a true copy of the Complaint filed by Schaeffer ("First Complaint"). Schaeffer alleged that she and other putative class members worked without compensation before and after each group fitness class they taught, for a total of 30 minutes (15 minutes before and after each class), and that Defendants were thereby unjustly enriched. (*Id.*, ¶ 16.) Schaeffer purported to bring the claim on behalf of a putative

class consisting of a multistate class under Minnesota law, defined as "[a]ll of Defendants' group fitness instructors, except for Ohio fitness instructors, who performed uncompensated services for Defendants' benefit during the maximum period of time permitted by law" and a Minnesota class under Minnesota law, defined as "[a]ll of Defendants' group fitness instructors in Minnesota who performed uncompensated services for Defendants' benefit during the maximum period of time permitted by law" to assert a single claim of unjust enrichment. (*Id.*, ¶ 36.)

2. Schaeffer's pleading asserted the action "meets both requirements" of the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715), because any member of the Plaintiff's putative class is a citizen of a state different from any defendant, and "the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs." (*Id.*, ¶ 9.) Schaeffer therefore contended the federal court had jurisdiction over the action. (*Id.*)

3. On August 17, 2020, Schaeffer filed a Notice of Voluntary Dismissal.

4. That same day, on August 17, 2020, Schaeffer and Plaintiff Maura Howard ("Plaintiff") filed a Summons and Class Action Complaint in the State of Minnesota District Court, County of Hennepin, Fourth Judicial District. Attached as **Exhibit B** is a true copy of the Complaint filed by Schaeffer and Plaintiff ("Second Complaint").

5. Plaintiff currently works as a group fitness instructor at Life Time, Inc.'s Bloomington (North) location. (Second Compl. ¶ 14.) Like the previous complaint, Plaintiff and Schaeffer alleged they and other putative class members worked without compensation before and after each group fitness class they taught, for a total of 30 minutes

(15 minutes before and after each class), and that Defendants were thereby unjustly enriched. (*Id.*, ¶¶ 16-17.) Plaintiff and Schaeffer purported to bring the claim on behalf of a putative class consisting of "All of Defendants' non-exempt employees who taught a group fitness class for Defendants, reside in Minnesota, and performed uncompensated services for Defendants' benefit in Minnesota during the maximum legal time period" to assert a single claim of unjust enrichment. (*Id.*, ¶ 25.) Plaintiff and Schaeffer did not seek a multi-state class. (*Id.*)

6. On September 22, 2020, Defendants filed a Motion to Dismiss, or Alternatively, a Motion to Compel Arbitration. Schaeffer filed a notice of dismissal without prejudice on November 4, 2020, two days before the scheduled hearing. Plaintiff opposed the motion.

7. On January 22, 2021, the Court issued an Order Denying Defendants' Motions to Dismiss and Compel Arbitration, attached as **Exhibit C**. In particular, the Court determined that "the issue of whether Plaintiff Howard received the offer of an agreement to arbitrate is a disputed issue of fact with sworn testimony on both sides of the issue" and therefore "wholly unsuited for summary disposal at the motion to dismiss stage." (*Id.*)

8. On February 11, 2021, Plaintiff filed an Amended Class Action Complaint in the State of Minnesota District Court, County of Hennepin, Fourth Judicial District, in the same underlying matter. Attached as **Exhibit D** is a true copy of the Amended Complaint filed by Plaintiff ("Third Complaint").

9. Like the previous two complaints, Plaintiff alleged she and other putative class members worked without compensation before and after each group fitness class they

3

taught, for a total of 30 minutes (15 minutes before and after each class), and that Defendants were thereby unjustly enriched. (*Id.*, ¶¶ 14-20.) Plaintiff purported to bring the claim on behalf of a multistate class under Minnesota law, defined as "[a]ll of Defendants' group fitness instructors, except for Ohio fitness instructors, who performed uncompensated services for Defendants' benefit during the maximum period of time permitted by law" and a Minnesota class under Minnesota law, defined as "[a]ll of Defendants' group fitness instructors in Minnesota who performed uncompensated services for Defendants' benefit during the maximum period of time permitted by law" to assert a single claim of unjust enrichment. (*Id.*, ¶ 36.) For the first time in the underlying state court action, Plaintiff alleged a multi-state class. (*Id.*) Plaintiff did not allege a minimum wage violation. (*See generally*, Third Compl.)

10. Defendants have not yet filed a responsive pleading to the Third Complaint.

11. As required by 28 U.S.C. § 1446(a), attached to this Notice of Removal as additional exhibits are true and correct copies of all process, pleadings, and orders filed in this action, consolidated as **Exhibit E.**

12. Plaintiff seeks "restitution," "reasonable costs and expenses incurred in this action, including counsel fees," and "any other and [sic] relief as this Court may deem just and proper." (*See* Third Compl., Prayer for Relief.)

13. Venue is proper in the United States District Court for the District of Minnesota because it is "the district . . . embracing the place" where the State Court Action is pending—Hennepin County, Minnesota. *See* 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within 30 days after the February 11, 2021 filing of the Third Complaint, setting forth the claims upon which it may first be ascertained that the case is one which has become removable.

15. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Minnesota District Court, Fourth Judicial District, Hennepin County in which the action is currently pending. Defendants will also give written notice of this Notice of Removal to Plaintiff.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

16. The above-described action is a civil action of which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(b). *See* 28 U.S.C. § 1441(b).

17. This Court has diversity jurisdiction over Plaintiff's claim pursuant to CAFA. Federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant (minimal diversity), and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

18. Plaintiff's principal allegations—that she and other putative class members were uncompensated for 30 minutes for each class they taught—and the proposed class

definitions are largely the same as the First Complaint, where Schaeffer contended the action met the jurisdictional requirements of 28 U.S.C. §§ 1332(d).

19.  None of the information contained in this Notice of Removal should be construed as an admission from Defendants regarding the merit of Plaintiff's claims or her ability to proceed as a class. In fact, Defendants strongly deny the substantive allegations set forth in Plaintiff's Complaint. Further, Defendants do not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (defendants are not required to, and do not, "confess liability" when setting forth the jurisdictional amount to meet CAFA's requirements).

### A.  Class Size

20.  The class Plaintiff purports to represent includes all individuals who worked as "group fitness instructors" at more than "150 Life Time Fitness centers" in every state except Ohio. (Third Compl. ¶¶ 36-37.) The "group fitness instructors" identified in the complaint include Plaintiff. (*Id.*, ¶ 38.) Approximately 8,058 individuals have worked at Life Time, Inc. locations in 27 states (excluding Ohio) as group fitness instructors during the time period purportedly encompassed by the Third Complaint. (*See* Declaration of Matt Lego in Support of Notice of Removal of Action ("Lego Decl.") ¶ 3 (attached hereto as **Exhibit F**).) Further, Plaintiff estimates the putative class includes group fitness instructors who work at "over 150 Life Time Fitness centers, each employing numerous group fitness instructors." (*See* Third Complaint ¶ 37.)

21. Because there is no dispute the putative class consists of more than 100 members, CAFA confers federal jurisdiction over Plaintiff's action if the minimal diversity and amount-in-controversy requirements are met. *See* 28 U.S.C. § 1332(d)(2)(5)(B).

### B.  Minimal Diversity of Citizenship

22. The diversity of citizenship requirements of § 1332(d) are satisfied.

23. CAFA requires "minimal (as opposed to complete) diversity among the parties, *i.e.*, any class member and any defendant are citizens of different states[.]" *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)). Under the local-controversy exception, a district court must decline to exercise jurisdiction if the all of the elements of Section 1332(d)(4)(A) are met, including "more than two-third of the class members in the aggregate are citizens of the state in which the action was originally filed." *Id.*

24. Defendants are informed and believe that Plaintiff, at the time this action was commenced, was a resident and citizen of the state of Minnesota. (*See* Third Compl. ¶ 4); *see also, Russell v. New Amsterdam Casualty Co.*, 325 F.2d 996, 998 (8th Cir. 1964) (individual is a citizen of the state in which he or she is domiciled for purposes of diversity jurisdiction).

25. Defendants are also citizens of the state of Minnesota. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Defendants' principal place of business is in Minnesota. (Lego Decl., ¶ 4.)

26. The putative class includes individuals working at more than "150 Life Time Fitness centers." (Third Compl. ¶ 37.) Of the 8,058 putative class members, only 957 reside in the State of Minnesota. (Lego Decl., ¶ 5.) The remainder reside in states outside Minnesota, working at Life Time, Inc. locations scattered across 26 other states. (*Id.*, ¶ 3.)

27. Putative class members and the Defendants are citizens of different states and less than two-thirds of the putative class members are citizens of the State of Minnesota, where the action was originally filed, thus minimal diversity of citizenship exists for the purpose of § 1332(d).

### C. Amount in Controversy

28. Plaintiff's requested relief places the amount in controversy in this action in excess of $5,000,000, satisfying the third requirement of § 1332(d).

29. If the class action complaint does not allege that more than $5 million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). Determining the amount in controversy requires adding up the value of the claim of each person who falls within the definition of the proposed class to "determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013); *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018) ("[A] district court aggregates the claims of all named or unnamed persons who fall within the definition of the proposed or certified class.")

4812-0264-8028

30. Plaintiff seeks an order "disgorging Defendants of the benefit that it is inequitable for them to retain," *i.e.*, the allegedly uncompensated work (30 minutes for each class taught during the putative class period). (Third Compl. ¶¶ 14-21, 49.)

31. Although Defendants' strongly deny any liability in this matter, based on the allegations in the Complaint, Plaintiff's request for damages places approximately $9.1 million in controversy. The putative class members teach approximately two classes per week. (Lego Decl., ¶ 6.) This means that the putative class members appear to seek alleged unpaid compensation corresponding to approximately 312 classes during a three-year period. Assuming Plaintiff and the putative class members seek to recover at least federal minimum wage ($7.25/hour), then each putative class member appears to seek $3.63 per class taught, for a total of $1,132.56 per putative class member. With approximately 8,058 putative class members, the total alleged damages amount to approximately $9.1 million.

**D.  Satisfaction of Other Jurisdictional and Removal Requirements**

32. The United States District Court for the District of Minnesota is the judicial district embracing the place where this action was filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

33. There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

WHEREFORE, Defendants request that the above action now pending against it in the State of Minnesota District Court, County of Hennepin, Fourth Judicial District, be removed therefrom to this Court.

9

|  |  |
|---|---|
|  | NILAN JOHNSON LEWIS PA |
| Dated: February 25, 2021 | By: /s/ *Joseph G. Schmitt* <br> Joseph G. Schmitt (#231447) <br> Joel O'Malley (#0352573) <br> Courtney M. Blanchard (#0396339) <br> Jason P. Hungerford (#0395908) <br> 250 Marquette Avenue South, Suite 800 <br> Minneapolis, MN 55401 <br> Phone: 612-305-7500 <br> jschmitt@nilanjohnson.com <br> jomalley@nilanjohnson.com <br> cblanchard@nilanjohnson.com <br> jhungerford@nilanjohnson.com <br> <br> ATTORNEYS FOR DEFENDANTS |

4812-0264-8028